The plaintiff would be entitled to recover from the defendant Hamlett upon the single ground of the bond which he gave payable to the plaintiff, and the loss of it, as admitted in the answer; and, if he had sued him by himself, it is not seen how that defendant could have raised any question as to the rights of the creditors of Anderson Harris. But as the two defendants came to an arrangement between themselves whereby the fund to which the plaintiff, as obligee in the bond, is entitled has been placed in the hands of the defendant Harris, and the plaintiff has framed his bill upon the idea of following that fund, that defendant must be allowed to assert any claim upon the fund in this suit which he might do in a bill by him against the plaintiff if he had himself received the money from the obligor, Hamlett. Now, (60) although a voluntary bond is good between the parties in this Court as well as at law, yet it has been long settled that in the course of administration it is to be postponed to any just debts, though due by simple contract. Powell v. Jones, 1 Eq. Cas. Abr., 84; Lechmere v.Carlisle, 3 Pr. Wms., 211; Cary v. Rooke, For., 153. Equity regards it as a fraud to give a voluntary security which by its form gets a preference to a just debt, and, therefore, interposes to prevent the preference. It follows that it will interpose in whatever way it may become necessary to effect that end; and, therefore, that if the voluntary obligee receive the money from the executor, the real creditor may file his bill to be satisfied out of the money, if he cannot otherwise get his debt. The same reason applies with equal force to the voluntary assignment of an obligation or a debt, as to a debtor's own voluntary obligation. Therefore, the defendant Harris, as a creditor of Anderson Harris, might maintain a suit against the present plaintiff for satisfaction out of his debtor's bounty, if it were in the plaintiff's hands. And it is the necessary consequence that, having the funds in his own hands, he has the right to retain out of it what will pay his demand, if there be no other assets. The principle of law involved in the case seems to be simple and clear enough; and the doubt probably is, whether the sum now demanded as debts from the son were not advancements to him. That question, however, will arise when it is known what debts the son owed the father and what assets the latter has as administrator of the son, and how the same have been administered; as to all which there must be a reference to make the usual inquiries.
PER CURIAM. Decree accordingly. *Page 55 
(61)